**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **YARISSA ESTELA MARTINEZ ALVARENGA** | **CASE NO.  6:26-CV-00780 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **PAM BONDI, ET AL.** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**<u>ORDER</u>**

Before the Court is an "Emergency Motion for Temporary Restraining Order, Stay of Removal Proceedings, and Preservation of this Court's Jurisdiction," filed by habeas Petitioner, Yarissa Estela Martinez Alvarenga. [ECF No. 11]. According to his habeas petition, Petitioner is a citizen and national of Honduras who has been detained at the South Louisiana ICE Processing Center since July 2025.[1] He states he is seeking Asylum and Withholding of Removal, and he has an approved I-130 (Petition for Alien Relative).[2] He asserts claims alleging that his continued detention is without lawful authority and violates his due process rights under the Fifth Amendment to the United States Constitution.[3] Petitioner seeks release from custody "under reasonable conditions of supervision or on a reasonable bond set by this Court," or, alternatively, "a prompt individualized custody/bond hearing before a neutral decision-maker."[4]

By the present motion, Petitioner moves the Court pursuant to Rule 65 and the All Writs Act "for immediate temporary injunctive relief preserving the status quo pending adjudication of Petitioner's Petition for Writ of Habeas Corpus."[5] Petitioner states he has an Individual Calendar

---

[1] ECF No. 1 at 2.
[2] *Id.*; *see also* ECF No. 1-2 at 10.
[3] ECF No. 1 at 5–7; ECF No. 4 at 6.
[4] ECF No. 1 at 6; *see also* ECF No. 4 at 7.
[5] ECF No. 11 at 1.

Hearing (i.e., a merits hearing) before the Immigration Court on June 26, 2026.[6] He asserts that "[a]bsent immediate intervention by this Court, Respondents may proceed with Petitioner's removal proceedings and obtain rulings that may substantially impair, frustrate, or effectively moot the relief sought in Petitioner's pending habeas action before this Court has an opportunity to adjudicate the constitutional and statutory claims presented herein."[7]

The purpose of a temporary restraining order "is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits."[8] To warrant such relief, the movant must demonstrate: "(1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest."[9] "In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion."[10] Further, preliminary injunctions should "not conclusively resolve legal disputes," and thus they should not be used as a vehicle for granting ultimate relief.[11]

Here, Petitioner's allegation—that "[a]bsent immediate intervention by this Court, Respondents may proceed with Petitioner's removal proceedings and obtain rulings that may

---

[6] *Id.* at 2; *see also* EOIR Automated Case Information, available at: https://acis.eoir.justice.gov/en/caseInformation (last visited June 8, 2026).

[7] ECF No. 11 at 2.

[8] *Sambrano v. United Airlines, Inc.*, 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)); *see also Saechao v. Noem*, 3:26-CV-0624, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026)

[9] *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430, 435 (5th Cir. 1981)).

[10] *Canal Auth.*, 489 F.2d at 573.

[11] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025); *see also Saechao* at *1; *Pema Sherpa v. Judith Almodovar, et al.*, No. 3:25-CV-1718, 2026 WL 74401, *2 (W.D. La. Jan. 9, 2026); *Singh v. Acting Field Officer Director*, No. 3:26-CV-388, 2026 WL 478634, at *1 (W.D. Tex. Feb. 11, 2026); *Torbino Vinces v. Mullin*, No. 3:26-cv-1392, 2026 WL 1196633, *1 (N.D. Tex. May 1, 2026).

substantially impair, frustrate, or effectively moot the relief sought in Petitioner's pending habeas action before this Court has an opportunity to adjudicate the constitutional and statutory claims presented herein"—is wholly speculative and insufficient to support injunctive relief. Accordingly,

IT IS HEREBY ORDERED that the "Emergency Motion for Temporary Restraining Order, Stay of Removal Proceedings, and Preservation of this Court's Jurisdiction" [ECF No. 11] is DENIED.

THUS DONE in Chambers on this 24th day of June, 2026.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE