a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| YARISSA ESTELA MARTINEZ ALVARENGA #A206-026-575, Petitioner | CIVIL DOCKET NO. 6:26-CV-00780 SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| PAM BONDI ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Yarissa Estela Martinez Alvarenga ("Alvarenga"). At the time of filing, Alvarenga was detained at the South Louisiana I C E Processing Center in Basile, Louisiana.

Because the Petition is moot, it should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I. Background

Alvarenga is a native and citizen of Honduras. She requested voluntary departure, which the Immigration Judge granted on June 26, 2026. ECF No. 16-1. Alvarenga and the Government both waived the right to appeal. According to a sworn declaration of Supervisory Detention and Deportation Officer Richard Polanco, Alvarenga departed the United States on July 6, 2026. *Id.*

## II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Because Alvarenga was granted voluntary departure and has departed the country, her Petition is moot.

## III. Conclusion

Because Alvarenga's Petition is moot, IT IS RECOMMENDED that the Petition be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, September 9, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE